**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALBERTO GOMEZ-MAYA, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GRA-FRUTTI, LLC/MARILYN'S GLUTEN FREE, LLC, COOPER'S GOURMET, LLC, and MARYLIN SANTULLI, Jointly and Severally,<br><br>Defendants. | Case No. |

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff files this Collective Action Complaint, on behalf of himself and a similarly-situated collective, and alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a baked goods two baked goods companies: American Gra-Frutti, LLC/Marylin's Gluten Free (hereinafter, "MGF") and Cooper's Gourmet, LLC (hereinafter, "CG") (collectively, with individual defendant

Marylin Santulli, referred to as "Defendants").

2. Plaintiff was jointly employed by Defendants as a baker, which entailed tasks such as: baking food items, operating cooking machinery, packaging food items, and cleaning the worksite.

3. Throughout Plaintiff's employment, Plaintiff received no overtime wages despite working excess of 40 hours each week.

4. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' office located at 1007 Mansell Road, Suite D, Roswell, Georgia, which is in Fulton

County. Additionally, both MGF and CG are registered with the Georgia Secretary of State as a domestic limited liability companies, and both list their principal office address as 1007 Mansell Road, Suite D, Roswell, Georgia, which is in Fulton County. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## TOLLING AGREEMENT

8. The Parties executed a tolling agreement, which tolled the statute of limitations in this case for two months— from July 22, 2025 to September 22, 2025. A copy of the tolling agreement is attached to this filing as Exhibit A.

## THE PARTIES

**Plaintiff:**

9. Alberto Gomez-Maya, was at all relevant times, an adult individual residing at 583 Eagles Crest Lane, Roswell, Georgia 30076, which is in Fulton County.

**Defendants:**

10. MGF is an active Georgia limited liability company. Its principal place of business is: 1007 Mansell Road, Suite D, Roswell, Georgia, which is in Fulton

County.

11. CG is an active Georgia limited liability company. Its principal place of business is: 1007 Mansell Road, Suite D, Roswell, Georgia, which is in Fulton County.

12. Marilyn Santulli, upon information and belief is an owner, officer, director and/or managing agent of MFG and CG. Ms. Santulli's address is unknown at this time.

13. Ms. Santulli participated in the day-to-day operations of MFG and CG, and acted intentionally and maliciously. Ms. Santulli is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with MFG and CG.

14. Upon information and belief, Ms. Santulli jointly set the unlawful payroll policies complained of in this complaint for MFG and CG.

15. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

16. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

17. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they obtain baking materials from all over the United States for use in their baked goods such as: industrial ovens, cleaning products, packaging, flour, sugar, and other food items. Additionally, Defendants maintain websites which allow customers to place orders online for various baked goods, which are then shipped to various locations, including outside of Georgia. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

18. At all relevant times, Defendants have been in the baked goods industry, selling gourmet items such as: cookies, cakes, crackers, and bread.

19. Plaintiff was jointly employed by Defendants as a baker from approximately July 25, 2022 to July 6, 2025.

20. As a baker, which entailed tasks such as: baking food items, operating cooking machinery, packaging food items, and cleaning the worksite.

21. Throughout his employment, Santulli would instruct Plaintiff complete baking

tasks for both MFG and CG, and Plaintiff would complete the work that was assigned for both companies.

22. Both companies were owned and operated by Santulli, however, both companies had different clientele and offered different baked goods for sale. Plaintiff would complete whatever tasks were ordered by Santulli for both companies.

23. Plaintiff's hourly pay from Defendants was as follows: From July 25, 2022 to March 10, 2024, Plaintiff was paid $20.00 per hour. From March 11, 2024 to June 2, 2024, Plaintiff was paid $24.00 per hour. From June 3, 2024 to March 2, 2025, Plaintiff was paid $25.00 per hour. Lastly, from March 3, 2025 to July 6, 2025, Plaintiff was paid $26.50 per hour.

24. Plaintiff generally worked 80 hours each week, 5 a.m. to 8:30 p.m., Monday to Saturday, but often would also work on Sundays.

25. Throughout Plaintiff's employment, Plaintiff was straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

26. For example, on the week of May 20, 2024 to May 26, 2024, Plaintiff worked 81.25 hours that week. He was paid a total of $1,950.00, which is $24.00 per hour.

He was paid straight-time for all hours worked that week, and received no overtime wages for the hours in excess of 40 hours.

27. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay him overtime wages.

28. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from December 2, 2022 to December 2, 2025, through the entry of judgment in this case (the "Collective Action Period"), who worked as bakers, cooks, laborers, all other hourly workers who were not paid overtime wages (the "Collective Action Members").

30. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work

performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

31. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

32. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

34. Defendants failure to pay overtime wages to these hourly employees

constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 2, 2025

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 862-9344
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com